Marshall, C. J.
This is an action in mandamus filed in this court under the original jurisdiction of. the court, seeking to compel the Industrial Commission to continue biweekly payments under an award. The controversy grows out of the following facts and circumstances:
One George Morton, an employe, was injured in the course of his employment, resulting in his death. Eelator’s decedent was the wife of the said George Morton, and she was living with him at' the time of his death, and was wholly dependent upon him for support. After the death of George Morton, an award of the full amount due was made to the widow, payable in biweekly installments, to continue for the full statutory period of 416 weeks, in accordance with the provisions relating to wholly dependent persons, such award being made on November 24, 1922. The amount due under the award was subject to deduction by the amount of payments theretofore made on account of said injuries under temporary, total, and perma *273 nent partial awards, and the award therefore amounted to the sum of $1069.70. Those biweekly payments were made to the widow up to the date of her death, which occurred on .March 24, 1923, at which time the unpaid balance amounted to $796.19. No payments were thereafter made, and relator, as executor of the estate of the widow, seeks to compel the Industrial Commission to continue such biweekly payments until the entire balance has been paid.
The Industrial Commission has answered the petition of plaintiff, and admits that the widow was a wholly dependent person at the time of the award, but alleges that there are no children or other dependent persons. It admits that at the time of the death of the widow it refused to make further payments upon the award, and seeks to justify its action on the ground that upon her death there were no dependent persons to whom further payments could be made. The question for determination in this case, therefore, is whether an order awarding compensation from the state insurance fund, under section 1465-82, General Code, to a wife who was living with her husband at the time of his death, is irrevocable, so that, in the event of the death of such dependent before all of the installment payments have been made, her personal representative is entitled to receive the unpaid installments.
A discussion of this question calls for an examination of the constitutional provisions relative to workmen’s compensation and of the statutes enacted pursuant to such provisions, a review of some of the decisions previously rendered by this court, *274 and a consideration of the nature of workmen’s compensation.
In many of the former decisions of this court, there has been lengthy discussion of the nature of workmen’s compensation, the principles upon which it is founded, the wise, beneficent, and humanitarian character of such laws, and without further comment upon those matters it may be stated at the outset of this opinion that all the members of this court at this time fully concur in all the beautiful, well-worded sentiments heretofore expressed, and we particularly agree that the law is founded upon the principle of insurance, and that it is in no sense a pension, or bounty, or gratuity. On the other hand, we do not think any one would contend that either the Constitution framers or the General Assembly have ever entertained the thought that full compensation would be made in every case. Before the enactment of this legislation, the only means of compensating injured employes was by means of the ordinary negligence action, and unless negligence could be shown no compensation was recoverable. It was not even in all cases of negligence that there could be a reeovery, because there were many defenses that prevented recovery even though negligence of the employer might be proven. In the event of recovery,' the injured person was entitled to be compensated for pain and suffering, or under circumstances of malice, insult, or ill will there might be punitive damages. In all cases the injured person-encountered delays, expenses, and uncertainties. All this has been changed. Delays are negligible, expense has been eliminated, and the uncertainties *275 have been reduced to a minimum. In negligence cases the courts had established certain rules for measuring damages. , These rules gave the jury a wide latitude and a large measure of discretion. The damages assessed were excessive in some cases and too meager in others. The compensation laws correct these inequalities by providing rules for measuring compensation and establishing uniformity in fixing the amount of awards. As an additional guaranty of uniformity, but more particularly for the purpose of careful administration of the insurance fund, a commission is established with powers which are purely administrative. Award is made for all kinds and characters of injuries except those self-inflicted, and has no relation to common-law negligence. It is neither an award of damages nor the imposition of a penalty. It recognizes the fact that the risk of injury or death is an incident of employment in industry, and that this risk has grown constantly greater by reason of the constantly increasing use of machinery. The growing menace to life and limb, and the growing army of maimed and crippled workmen, and of women and children made widows and orphans by deaths in industry, slowly and surely created a sentiment which finally crystallized in workmen’s compensation legislation. It was never intended by the most ardent advocates of workmen’s compensation to give full and adequate remuneration, because this would remove much of the inducement of working men to exercise care and caution on their own part. At the same time it was plainly seen that industry could not bear an unjust burden, and that any burden so *276 imposed must eventually be charged back in large measure to the consumers of the product of industry. It was therefore sought to provide a reasonable compensation for all injured employes, rather than to give full compensation to the victims of negligence and deny all compensation whatever to employes injured by accidental causes. Our Constitution framers and legislators have had all these matters in mind in determining a sound policy for the establishment and administration of workmen’s compensation insurance. This court ha¡4 nothing to do. with the soundness of those policies, and the only justification for a discussion of them in this opinion is to aid in the proper interpretation of the constitutional and statutory provisions.
The constitutional provision is found in Section 35 of Article II, the pertinent portion of which is as follows:
“For the purpose ¡of providing compensation to workmen and their dependents, for death, injury or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to. be created by compulsory contribution thereto by employers, and administered by the state. * * *”
The laws enacted pursuant to that provision provide for compulsory contribution, and the Legislature had no authority to establish a fund to be raised solely by compulsory contribution of employers except by virtue of that constitutional provision. In the same constitutional provision it will be seen that it was to be limited to “workmen and their dependents.”
*277 The Legislature throughout the legislation on this subject has studiously recognized this limitation, and it will be found in all the sections pertaining to the distribution of the fund that distribution is in fact limited to “injured employes or to the dependents of such employes as may be killed.” ¿Sections 1465-68, 1465-69, 1465-70, 1465-71, 1465-72, 1465-74, 1465-82, 1465-83.
To make this limitation more specific and emphatic, section 1465-88 provides:
“Compensation before payment shall be exempt from all claims or creditors and from any attachment or execution, and shall be paid only to such employes or their dependents.”
It will be seen that double emphasis has been given and that especial attention has been called to this limitation by the employment of the word “only” in that section.
It is claimed, however, that the language of section 1465-82, General Code, is so imperative as to make the provisions of the second paragraph of that section mandatory, and that the payments to persons wholly dependent at the time of the death of an injured workman must “continue for the remainder of the period between the date of the death and eight years after the date of the injury.” The portions of section 1465-82 which are pertinent to this inquiry are as follows:
“In case the injury causes death within the period of two years, the benefits shall be in the amount and to the persons following:
“1. If there be no dependents, the disbursements from the state insurance fund shall be limit *278 ed to the expenses provided for in section forty-two hereof.
“2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent, of the average weekly wages, not to exceed fifteen dollars per week in any case and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to more than a maximum of five thousand dollars. * * *'
“5. The following persons shall be presumed to be wholly dependent for support upon a deceased employe: (A) A wife upon a husband with whom she lives at the time of his death.”
Mrs. Morton was living with her husband at the time of his death, the death occurred within the period of two years after the injury, and that section of the statutes has full application to her ease. It is only a question of a proper construction of the statute.
Counsel for her executor argue that paragraph 2 of that section is mandatory, and that it must be so construed regardless of all other statutes, and that it is not subject to the statutory and constitutional limitations relating to dependents. Counsel rely upon the decision of the case, State ex rel. Munding, Admr., v. Industrial Commission, 92 Ohio St. 484, 111 N. E. 299, L. R. A. 1916D, 944, Ann. Cas. 1917D, 1162, and it must be admitted that if that case is sound in principle it must govern the case at bar. That case was decided by a bare majority of this court, and the principles therein decided have never been reviewed except in *279 the case of Industrial Commission v. Dell, Exrx., 104 Ohio St., 389, 135 N. E. 669. The Munding Case was not expressly overruled in that case, because this court was then dealing with a partial dependent, and it was deemed advisable not to determine the rights relating to a person wholly dependent. A careful reading of both the syllabus and the opinion in that case will disclose that the principles therein decided are necessarily inconsistent with the principles declared in the Munding Case. The first paragraph of the syllabus is:
“1. By authority of the continuing jurisdiction conferred by section 1465-86, General Code, the Industrial Commission may revoke an award theretofore made, upon ascertainment of any facts going to the basis of the claimant’s right, whenever in its opinion such revocation is justified.”
The continuing jurisdiction of the Commission is the basis of that decision. Section 1465-86 provides :
“The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified.”
It will be seen that there are no limitations upon the continuing jurisdiction. Counsel for the relator, in this particular case, seek to avoid this sweeping provision giving the commission continuing jurisdiction solely on the ground of the alleged mandatory provisions contained in section 1465-82, General Code'.
If we were disposed to resort to a technical analysis of the language of that section we think *280 it would be possible to show that tbe language is not mandatory, but it is not necessary to resort to technicalities. That section must be construed in pari materia with all the other sections heretofore referred to. They are all parts of the same law. They are all enacted pursuant to the same constitutional authority and must be harmonized and so administered by the Commission as not to create inequalities; so as not to create rights in favor of one class of persons wholly inconsistent with rights granted to others. If the continuing jurisdiction of the Commission should not be applied to wholly dependent persons, then no reason can be found in justice or equity why they should be applied to partly dependent persons or to injured employes. To give to that section the construction claimed by counsel for relator would raise a serious doubt as to its constitutionality, as not having uniform oper • ation, and therefore in violation of section 26, art. 2, of the Ohio Constitution.
A comparison of section 1465-82 with section 1465-80 shows that the language of section 1465-80 is quite as imperative as the language of section 1465-82. The language of section 1465-79 and of section 1465-83, is equally imperative. If section 1465-82 shall be held to be mandatory, then by the same token, the other sections must also be held to be mandatory, and the continuing 'jurisdiction of the Commission would be almost entirely destroyed. The continuing jurisdiction of the Commission was discussed at length in the opinion of the Dell Case, supra, and need not be covered at length in this opinion.
In the Munding case it is apparent that the *281 ease was. decided upon the strength of section 1465-82, without an analysis of section 1465-86, conferring continuing jurisdiction upon the. Commission. It is further evident from a careful study of the opinion in the Munding case that section 1465-82, and especially paragraph 5 thereof, was misunderstood. In that paragraph it is stated that a wife living with her husband at the time of his death “shall be presumed to be wholly dependent for support.” The Munding case treats that language as though a wife living with her husband is conclusively deemed to be wholly dependent. It is reasonable to construe the language of the statute to mean that her dependency is a presumption which is rebuttable by proper evidence. Just what evidence would be sufficient to overcome the presumption we need not inquire in this case, because each ease should be decided upon the facts as presented. The same language as to the presumption which arises applies to children, as appears in sub-paragraph (B), and yet the limitation in that subparagraph is placed at 16 years, and .to mate the matter more confusing certain contingencies, are stated in the statute itself which if existent, remove the presumption. Paragraph 5 of that section must therefore be construed as a rule of evidence which does not confer a property right.
The syllabus in the Munding case is somewhat unfortunate, because the question at issue is not whether the right vests at the time the award is made, but, rather, whether an award is revocable by reason of changed conditions to be noticed and recognized by the Commission under its continuing jurisdiction. It is fully recognized throughout *282 English and American jurisprudence that many vested rights may be divested upon the occurrence of certain stated conditions. On page 445 of the opinion in the Munding case (111 N. E., 299, 302), the Chief Justice cites the case of Dorah’s Adm’r. v. Dorah’s Exr., 4 Ohio St., 292. That case has no value as an authority in the Mundmg case, 'because, while some analogy might be shown between the right of a widow to an allowance for a year’s support and the right of a widow for compensation as a dependent of a killed employe, Judge Ranney in the Borah case, expressed doubt as to whether the probate court might not have jurisdiction upon a petition being properly presented under authority of section 10659, to review the allowance theretofore made and to mate a new order in conformity to new conditions and circumstances transpiring after the action of the appraisers, tending to show that the amount ought to be increased or diminished. This was not merely the opinion of Judge Ranney, but that query is carried into the syllabus of the ease.
We are also referred by counsel for relator in the instant case to the analogy existing between a finding of the Commission and the judgment of a court of common pleas in an alimony suit where an order has been made awarding alimony payable in installments. We have carefully looked into the matter of the right of the court of common pleas to exercise continuing jurisdiction over alimony payable in installments, and we find this jurisdiction clearly recognized in a number of well-considered cases. Olney v. Watts, 43 Ohio St., 499, 3 N. E., 354; Smedley v. State, 95 Ohio *283 St., 141, 115 N. E., 1022. The latter was a per curiam decision, and every part of the opinion expresses the views of the full court, and every judge concurred in that decision. On page 143 (115 N. E., 1022) we find the following:
“The decree of divorce and original order of alimony in the case at bar was made in December, 1910. It is well settled that the jurisdiction of a court in an alimony case is continuing.”
It is true that in other cases decided by this court a continuing jurisdiction has been denied where the judgment was in the nature of a division of property under section 11993, General Code. It must also be kept clearly in mind that in determining the continuing jurisdiction of the court of common pleas in alimony cases the courts of Ohio without any statutory or constitutional authority therefor have established the rule of continuing jurisdiction as a matter of public policy. It nevertheless has become established as one of the exceptions to the finality of judgments.
Workmen’s compensation administration is not circumscribed by the limitations which usually attach to the finality of judgments rendered by courts, because its orders are clearly recognized as purely administrative, and not judicial, and full power and authority is conferred to make modifications and changes with respect to former findings or orders as in the opinion of the Commission may be justified. Section 1465-86, General Code.
In the Dell case the award made to Maggie Berg was to a person then adjudged to be wholly dependent, and if in that case the award was a finality then the Commission had no right to revoke *284 the award to her, and to that extent at least the Bell case directly overrules the Munding case.' This was distinctly so stated on page 396 of the opinion (135 N. E., 669, 672). The conclusions of this court in denying to the administrator of Maggie Berg the right “to further participate in the insurance fund” could only be predicated upon the continuing jurisdiction of the Commission, based upon the proposition that her award did not have the quality of an irrevocable judgment. The language of section 1465-86 is general, and if this court should undertake to make it special, or to limit its application, or deny its application to any particular state of facts or circumstances, we should certainly find it impossible to lay down any general rules to guide the Commission or to enable the Commission to determine with any degree of certainty when it might or might not exercise jurisdiction. It must also be borne in mind that the Commission is an administrative board charged with the power of administering an insurance fund; that the disbursements of the fund are not made as a result of a judicial determination of facts; that the hearings upon claims are in large measure ex parte; that it is the policy of the law that disbursements of benefits be made promptly; that there are many uncertainties about the diagnosis and treatment of injuries; that injuries diagnosed as permanent often yield to treatment and those believed temporary become permanent or even fatal; that injured persons sometimes recover and sometimes die; and that' dependents change by reason of death or by reaching the age of independence. All these considerations, and many oth *285 ers too numerous to recite, demonstrate the soundness of the policy of giving the Commission continuing jurisdiction in order that the fund may be administered without imposition upon industry and without injustice to individual employes or their dependents. We feel that in construing all of the sections of the Industrial Commission Act in pari materia, and in seeking to harmonize and give effect to all, the seemingly imperative language of section 1465-82 must yield to the more important constitutional provisions limiting disbursements to employes or dependents, to the provisions of other statutes making the same limitations, to the statute denying rights of creditors in disbursement of the fund, and to the statute giving to the Commission continuing jurisdiction over all its orders.
It has been pointed out in argument that under authority of section 1465-87' payments of compensation or benefits may be commuted and paid in one or more lump sums. It may of course be conceded that payments made to either an injured person or the dependents of a killed employe could not be recovered back, and this is one of the considerations which should have the earnest attention of the Commission before commuting payments, and we find that the Commission has given full recognition to this fact in the promulgation of rule 19, governing procedure in claims against the state insurance fund, which declares the policy of the Commission not to pay awards in lump sums unless it is made to appear to the Commission that it would be to the mutual advantage of the claimant or beneficiary and to the insurance fund.
Counsel for the relator have discussed some *286 English oases and cases decided by the courts of ether states upon the subject, of the power of the Commission to revoke an award on account of changed conditions, and, although we have examined all cases referred to, we find that the statutes of other jurisdictions differ materially from the Ohio provisions, and that none of the cases cited contain any discussion of the continuing jurisdiction of the Commission. We therefore deem it unprofitable to discuss those authorities.
We have not considered and therefore do not decide whether the reasonable debts of last illness and the reasonable funeral expenses of -a decedent might or might not, under the wide latitude of authority given the Commission, be ordered paid out of any unexpended balance of an award to a wholly dependent person.
The Munding case must therefore be overruled, and the peremptory writ of mandamus denied.

Writ denied.

Jones, Matthias and Allen, JJ., concur.
Wanamaker, J., not participating.